Curia, per

Evans, J.
The defendant accepted the terms of the plaintiffs, as set forth in their letter. These were that in consideration the defendant agreed to pay the debt at certain times mentioned, the plaintiffs agreed to suspend further proceedings, but were not to lose the benefit of their action as far as it had progressed. The plain meaning of this was, that on failure to pay, the plaintiffs were to file their declaration and proceed to judgment. Accordingly, we find that not long after the expiration of the time fixed for payment of the balance, the plaintiffs did file their declaration. This was strictly what the defendant had agreed should be done. But the defendant’s counsel object that there was no notice given according to the 67th rule of Court. To this it may be replied — 1st. That by the agreement, he had waived the notice. 2nd. That where no appearance is entered, or notice of defence, it may very well be consistently with the rule, that the plaintiffs may proceed without notice. Why give notice, when the defendant, by default, admits he has no defence 1 But it is not necessary to express any opinion on this subject.
*463 The most that can he said is, that the filing the declaration was an irregular act. It was not void. The defendant’s remedy was to move to set it aside, and the Court would, then, enquire into the facts: and if it was found that the delay was at the instance of the defendant, and that the further proceedings had been in conformity with the agreement of the parties, the motion of course would be refused.
But there is another view presented by the Recorder, that if the application had been made in open Court (when the objection to the filing was made,) for leave, the Court had authority to give leave to file it then, or to file it as at the time when it should have been done, nunc pro tunc. There is no doubt of the power of the Court to grant such an order, and that this was a proper case for its exercise. The only objection is, that, at that time, more than a year and a day had elapsed; but that cannot avail, for the defendant had entered an appearance at that term, thereby admitting himself in Court. The motion was made in open Court, in the presence of the defendant’s counsel, who did not. object that he had not had one day’s notice, as required by the 67th rule of Court, or that he was surprised by the motion.
We think the Recorder’s decision was right, and the motion to reverse it is dismissed.
O’Neall, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motion dismissed.